### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **EDWIN CHAPPABITTY, JR., M.D.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| -vs- ) | Case No. CIV-11-1443-R |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

### ORDER

Before the Court is the motion of Defendant United States of America to dismiss Plaintiff's Complaint brought under the Federal Tort Claims Act, 28 U.S.C. § § 1346(b), 2671 - 2680, pursuant to F.R.Civ.P. 12()(1) and (b)(6). In support of its motion, Defendant argues that the *Feres* doctrine bars all of Plaintiff's tort claims. Additionally, Defendant argues that Plaintiff's claims for interference with prospective economic opportunity or contract, libel and slander, malicious prosecution, false imprisonment and abuse of process are barred by sovereign immunity pursuant to the exemption of 28 U.S.C. § 2680(h) in the FTCA. Defendant also asserts that the "discretionary function" exemption in the FTCA bars Plaintiff's claim for negligent investigation. Finally, with respect to Plaintiff's claim for intentional infliction of emotional distress, Defendant asserts that that claim is also barred by the § 2680(h) exemption because it arises out of an excepted tort, *i.e.,* libel or slander, and moreover, Plaintiff has failed to state a claim for intentional infliction of emotional distress because he has failed to allege conduct that meets Oklahoma's standard of outrageousness.

Plaintiff in response takes issue with all of Defendant's arguments. He argues that the *Feres* doctrine does not bar his tort claims because the occurrences of which he complains were not incident to Plaintiff's service as a physician in the Indian Health Service Commissioned Corps. He argues that his injuries would have occurred if he hadn't been in the military because the Lawton Service Unit employs some physicians who are members of the Commissioned Corps. and some who are not. He further argues that because David Thompson held himself out as an "investigative or law enforcement officer," sovereign immunity does not bar Plaintiff's claims for false imprisonment, malicious prosecution and abuse of process. The discretionary function exemption does not bar Plaintiff's claim for negligent investigation, he asserts, because the Commissioned Corps Personnel Manual prescribes the guidelines and procedures to be followed, leaving no room for discretion.

The Court agrees with Defendant that all of Plaintiff's claims are barred by the *Feres* doctrine. In *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed.2d 152 (1950), the Supreme Court created a judicial exception to the broad waiver of sovereign immunity in the FTCA, holding that the federal government cannot be liable under the FTCA "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Id.*, 340 U.S. at 146, 171 S.Ct. at __, 95 L.Ed.2d at __. The Public Health Service "is a 'uniformed service' of the United States," *Diaz-Romero v. Mukasey*, 514 F.3d 115, 116 (1st Cir. 2008), *quoting* 42 U.S.C. § 201(p). Thus, the *Feres* doctrine applies to commissioned members of the Public Health Service, just as it applies to commissioned members of the military. *Diaz-Romero*, 514 F.3d at 118; *Backman v. United States*, 153 F.3d

726, 1998 WL 421955 at * 2 (10th Cir. July 23, 1998)(No. 97-2271).  Plaintiff was a United States Public Health Service commissioned officer serving as a physician and captain with the U.S. Department of Health and Human Services Indian Health Service at the Lawton Indian Hospital or "Lawton Service Unit" located in Lawton, Oklahoma, at the time of his alleged injuries. *See* Complaint.  Plaintiff's alleged injuries arise out of or were in the course of activity incident to service.  The *Feres* doctrine has been broadened "to encompass all injuries suffered by military personnel that are even remotely related to an individual's status as a member of the military."  *Pringle v. United States*, 208 F.3d 1220, 1223-24 (10th Cir. 2000), *quoting Persons v. United States*, 925 F.2d 292, 296 n. 7 (9th Cir. 1991)(citations omitted).  *See Ricks v. Nickels*, 295 F.3d 1124, 1127-28 (10th Cir. 2002).  Because Plaintiff's injuries are related to his status as a Public Health Service commissioned officer, while he was subject to the control and discipline of the Public Health Service, his injuries arose out of or were in the course of activity incident to service.  *See Pringle,* 208 F.3d at 1228; *Gonzalez v. United States Air Force*, 88 Fed. Appx. 371, 374-76, 2004 WL 339596 at * 3-4.  Just as "the fact that the party [in the *Gonzalez* case] was attended by civilians as well as by military personnel . . . [did] not vitiate the fact that [Gonzalez'] attendance at the party was a direct consequence of her enlisted status," *Gonzalez v. United States Air Force*, 88 Fed. Appx. at 376, 2004 WL 339596 at * 4, the fact that the Indian Health Service employed civilian physicians, if indeed that is the case, does not vitiate the fact that Plaintiff's conduct out of which his alleged injuries occurred was a direct consequence of his status as a Public Health Service commissioned officer.  *See Tootle v. USDB Commandant*, 390 F.3d 1280,

1281-82 (10th Cir. 2004) (citing cases and a law review note to the effect that one's status as a member of the military may proscribe him or her from enjoying the same legal remedies as his or her civilian counterpart).

The Court finds it unnecessary to reach Defendant's other arguments. All of Plaintiff's claims herein are barred by the *Feres* doctrine. Accordingly, Defendant's motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) and (b)(6) is GRANTED and Plaintiff's Complaint is DISMISSED.

IT IS SO ORDERED this 27th day of March, 2012.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE